PHIL FELDSTEIN, PLAINTIFF-RESPONDENT, v. EM-
PLOYERS' LIABILITY ASSURANCE CORPORATION,
LIMITED, OF LONDON, ENGLAND, DEFENDANT-AP-
PELLANT.

Submitted February 16, 1934—Decided April 12, 1934.

For the appellant, *Cox & Walburg* (*Harry E. Walburg,* of
counsel).

For the respondent, *Cohn & Kohlreiter* (*Peter Cohn,* of
counsel).

The opinion of the court was delivered by

TRENCHARD, J. Plaintiff-respondent in this action recov-
ered a judgment in another action on its counter-claim against
the Diamond Rubber Company on June 30th, 1932, for
$2,000, in the Circuit Court of Passaic county. From that
judgment the Diamond Rubber Company appealed, and in
connection with such appeal filed an appeal bond wherein
it was principal, and the defendant-appellant herein, Em-
ployers' Liability Assurance Corporation, was surety. The
condition of that bond reads: "That whereas the above

bounden The Diamond Rubber Company, Inc., has appealed from the judgment and determination of the Passaic County Circuit Court, in a suit wherein the said The Diamond Rubber Company, Inc., is a plaintiff and the said Phil Feldstein is defendant, in an action at law, Now, Therefore, if the said The Diamond Rubber Company, Inc., shall appear and prosecute the said appeal in the Supreme Court of Judicature of the State of New Jersey, shall stand to and abide the judgment or order of said Supreme Court and shall pay the amount of the judgment rendered against it in the said Passaic County Circuit Court, * * * then this obligation to be void; otherwise to remain in full force and virtue."

The appeal by the Diamond Rubber Company to the Supreme Court resulted in an affirmance on June 23d, 1933. The judgment has not been paid.

Thereafter the Diamond Rubber Company served plaintiff with a notice of appeal to the New Jersey Court of Errors and Appeals but did not file the same. Later the plaintiff herein instituted suit against the defendant-appellant herein upon its bond, upon the theory that no appeal was pending since no notice of appeal had been *served and filed*. To such suit defendant-appellant filed an answer setting up its defense that "said appeal by The Diamond Rubber Company, Inc., has not yet been heard and determined by the New Jersey Court of Errors and Appeals, and is still pending and undecided by that court."

Thereafter plaintiff gave notice of a motion before the Circuit Court judge sitting as a Supreme Court commissioner to strike out the answer as frivolous and setting forth no legal defense, and for summary judgment. Affidavits were submitted by both sides to the effect herein stated. The Circuit Court judge on October 14th, 1933, upon it appearing to him conclusively that the notice of appeal had not then been filed, struck out the answer and a justice of the Supreme Court thereupon entered final judgment. This is the appeal of the defendant from that judgment and is grounded upon the proposition that the court erred in striking out the answer.

The defendant's argument seems to be that the *service* upon the plaintiff of a notice of appeal invoked the jurisdiction of the Court of Errors and Appeals.

We think not. The jurisdiction of the Court of Errors and Appeals is invoked only upon the *filing* of the notice of appeal.

The jurisidiction of the appellate court cannot be invoked in a civil cause unless and until the notice of appeal is actually *served and filed,* and until such steps are taken, the judgment creditor, after affirmance of his judgment by the Supreme Court, has the right to proceed against not only the principal, but against the surety upon the bond given on appeal from the Circuit Court to the Supreme Court; and in such an action in the Supreme Court by the judgment creditor against the surety, the latter's defense that it had pending and undetermined an appeal to the Court of Errors and Appeals, was, on notice, properly stricken out and judgment entered in the Supreme Court, it there appearing conclusively that notice of appeal had not then been filed.

Formerly, appeals were taken by writs of error, which invoked the jurisdiction of the court out of which the writ issued, and which writs were returnable on specified dates and must necessarily be perfected within the prescribed time. Appeals now are substituted for writs of error, and as stated by the late Chancellor Walker in the case of *Williams* v. *White,* 98 *N. J. L.* 140 (at *p.* 142) :

"Appeals * * * are now taken upon notice 'which shall be served on the adverse party and filed within the time limited for bringing writs of error,' which is one year. It will be noticed that an appeal has to be *served and filed* (court's italics). It is the *filing* (court's italics) of the appeal which invokes the jurisdiction of the appellate court."

Likewise in *Haines* v. *Seabrook Farms Co.,* 99 *N. J. L.* 273, this court said:

"By the statute and rule of court, appeals are taken by serving and filing a notice thereof within one year after the date of judgment appealed from. * * * And while the notice of appeal may be given at any time within, yet

it must be filed within a year after the entry of judgment; *and whenever filed it invokes the appellate jurisdiction."*

In the instant case appellant's principal, the Diamond Rubber Company, failed to take any action with reference to an appeal to the Court of Errors and Appeals, except to serve a notice of appeal. True, it had a legal right to wait for one year, but if it accepted the benefit of such right it carried with it the corresponding right of plaintiff to proceed with the collection of his judgment, for without the filing of such notice there was no stay of plaintiff's right to issue an execution. Supreme Court Rule 142 reads:

"Security on Appeal. The *service and filing* of a notice of appeal shall stay execution on the judgment appealed from, but only upon giving security in the manner and for the purpose prescribed in the 'act respecting writs of error,' Revision approved March twenty-seventh, one thousand eight hundred and seventy-four, and the acts amendatory thereof and supplementary thereto. (Rule 82, Pr. Act 1912)."

It is therefore apparent that under both our decisions and rules no appeal is pending nor can the jurisdiction of the appellate court be invoked unless and until a notice of appeal has been *served and filed,* and in the absence of compliance with such rule, no. stay can be had, and the judgment creditor is at liberty to proceed to the collection of his judgment, and, as in this case, to proceed against the surety on the bond.

The principal could have forestalled placing itself in a position of liability by the filing of a notice of appeal, thereby staying an execution on the judgment, but, having failed so to do, it renders itself subject and liable to such execution, and *ipso facto* renders its surety liable by reason of its default in making payment of the judgment.

The judgment will be affirmed, with costs.

*For affirmance*—THE CHANCELLOR, CHIEF JUSTICE, TRENCHARD, PARKER, LLOYD, CASE, BODINE, DONGES, HEHER, PERSKIE, VAN BUSKIRK, KAYS, HETFIELD, DEAR, WELLS, DILL, JJ. 16.

*For reversal*—None.